**LEVY SONET & SIEGEL, LLP**
Steven G. Sonet, Esq. (SS-9534)
Alex K. Ross, Esq. (AR-7639)
*Attorneys for Defendants*
630 Third Avenue, 23rd Floor
New York, NY 10017


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THE NAJJAR GROUP, LLC, individually and as  :
successor-in-interest to THE NAJJAR GROUP,  :
LTD.                                        :
                                            :
                            Plaintiff,      :
                                            :
            -against-                       :
                                            :
WEST 56TH HOTEL, LLC,                       :
                                            :
                            Defendant.      :
-----------------------------------------------------------------x

Civil Case No.:
14-CV-07120 (RA) (GWG)


**ANSWER TO SECOND**
**AMENDED COMPLAINT**

        Defendant, West 56th Hotel, LLC ("Defendant"), by its attorneys Levy Sonet & Siegel,

LLP, hereby responds to the Second Amended Complaint of Plaintiff, The Najjar Group, LLC

("Najjar") dated November 19, 2014 (the "SAC"), as follows:

                              **AS TO PARTIES**

        1.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 1 of the SAC (and footnote 1), except that

Defendant denies that The Najjar Group, LTD is "defunct."

        2.      Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2 of the SAC.

3.     Defendant generally admits the truth of the allegations contained in paragraph 3 of the SAC, except Defendant denies that defendant West 56th Hotel, LLC transacts business under the assumed name of Chambers Hotel.

4.     Defendant generally admits the truth of the allegations contained in paragraph 4 of the SAC, and admits further that non-parties Ira Drukier, Richard Born, and Steven J. Caspi are members of Defendant.

## AS TO JURISDICTION AND VENUE

5.     Defendant neither admits nor denies the allegations contained in paragraph 5 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the SAC, except admits that Najjar purports to base jurisdiction on the statutory provisions cited therein.

6.     Defendant neither admits nor denies the allegations contained in paragraph 6 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the SAC, except admits that Najjar purports to base venue on the statutory provisions cited therein.

## AS TO GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7.     Defendant denies the allegations contained in paragraph 7 except admits that on or about December 15, 1997, non-party, The Najjar Group LTD entered into a certain operating agreement relating to non-party BDC 56 LLC ("BDC") and respectfully refers the Court to that agreement for a full and complete statement of its relevant terms and conditions.

8.     Defendant neither admits nor denies the allegations contained in paragraph 8 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations.

9.     Defendant denies the truth of allegations contained in paragraph 9 of the SAC.

10.    Defendant denies the truth of the allegations contained in paragraph 10 of the SAC except admits that prior to 2006, the Chambers Hotel Corporation became a member of non-party BDC 56, LLC.  Further, Defendant states that in a prior litigation involving the same parties and identical issues, Najjar's principal, Elisha Najjar admitted, while testifying under oath during a deposition taken on September 1, 2010, that Najjar's interests in non-party BDC had not been diluted, stating "we have not been diluted beyond the 20 percent."

11.    Defendant denies the truth of the allegations contained in paragraph 11 of the SAC, except admits that: (a) Defendant has received moneys in accordance with the terms of the BDC Operating Agreement; and (b) in accordance with the BDC Operating Agreement, no moneys have been paid to Najjar because no moneys have yet to become due to Najjar.

12.    Defendant neither admits nor denies the allegations contained in paragraph 12 of the SAC, as well as the footnote referenced therein, as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations, except admits that the Appellate Division, First Department for the State of New York affirmed the dismissal of an action previously commenced by Plaintiff before the Supreme Court, State of New York, County of New York.

## AS TO THE OPERATING AGREEMENT BETWEEN PLAINTIFF
## AND DEFENDANT RELATING TO THE CHAMBERS HOTEL

13.     Defendant denies the truth of the allegations contained in paragraph 13 of the SAC, except admits that Plaintiff's predecessor-in-interest, Najjar Group, Ltd., was a party to a certain Purchase Agreement, dated October 21, 1997, in connection with the real property located at 13-15 West 56th Street, New York, New York.

14.     Defendant neither admits nor denies the truth of the allegations contained in paragraph 14 of the SAC as such allegations state legal conclusions as to which no response is required.  Further, Defendant respectfully refers the Court to the BDC Operating Agreement -- in particular, Section 2.6 which delineates the express purposes of forming non-party BDC.

15.     Defendant generally admits the truth of the allegations contained in paragraph 15 of the SAC, except denies that the hotel has been "operating and open to the public since the late 1990's." Upon information and belief, construction of the hotel was substantially completed in late 2001, and the hotel opened for business in 2002.

16.     Defendant generally admits the truth of the allegations contained in paragraph 16 of the SAC, to the extent that at the time when Defendant and Plaintiff's predecessor-in-interest entered into the BDC Operating Agreement, the Defendant held an 80% interest in non-party BDC, while non-party Najjar Group Ltd. held a 20% interest in BDC.  Defendant otherwise denies the truth of the allegations contained therein.  Defendant respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

17.     Defendant denies the truth of the allegations contained in paragraph 17 of the SAC, and Defendant respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

18.     Defendant denies the truth of the allegations contained in paragraph 18 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of its terms and conditions thereof.

19.     Defendant neither admits nor denies the allegations contained in paragraph 19 of the SAC because the reference to "LLC" is undefined and therefore incomprehensible. To the extent the allegations can be understood, then Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

20.     Defendant admits the truth of the allegations contained in paragraph 20 of the SAC.

21.     Defendant neither admits nor denies the allegations contained in paragraph 21 of the SAC as such allegations state legal conclusions as to which no response is required. To the extent the allegations are deemed factual, Defendant denies the truth of the allegations and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

22.     Defendant neither admits nor denies the allegations contained in paragraph 22 of the SAC as such allegations state legal conclusions as to which no response is required. To the extent the allegations are deemed factual, Defendant denies the truth of the allegations and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

23.      Defendant generally admits the truth of the allegations contained in paragraph 23 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

24.      Defendant generally admits the truth of the allegations contained in paragraph 24 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

25.      Defendant denies the truth of the allegations contained in paragraph 25 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

26.      Defendant neither admits nor denies the allegations contained in paragraph 26 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations.

27.      Defendant denies the truth of the allegations contained in paragraph 27 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

28.      Defendant neither admits nor denies the allegations contained in paragraph 28 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

29.      Defendant neither admits nor denies the allegations contained in paragraph 29 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations and

respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

30.     Defendant neither admits nor denies the allegations contained in paragraph 30 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

31.     Defendant neither admits nor denies the allegations contained in paragraph 31 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

32.     Defendant neither admits nor denies the allegations contained in paragraph 32 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

33.     Defendant neither admits nor denies the allegations contained in paragraph 33 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

34.     Defendant neither admits nor denies the allegations contained in paragraph 34 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

35.     Defendant denies the truth of the allegations contained in paragraph 35 of the SAC, and states affirmatively that Plaintiff, Najjar Group LLC, did not exist at the time when the the BDC Operating Agreement was executed.  Defendant states further that the BDC Operating Agreement at Section 11.6 contains an integration clause by which Plaintiff's predecessor-in-interest confirmed that "No covenant, representation or condition not expressed in this Agreement shall affect or be deemed to interpret, change or restrict the express provisions hereof."

36.     Defendant denies the truth of the allegations contained in paragraph 36 of the SAC, and states affirmatively that Plaintiff, Najjar Group LLC, did not exist at the time when the the BDC Operating Agreement was executed.  Defendant states further that the BDC Operating Agreement at Section 11.6 contains an integration clause by which Plaintiff's predecessor-in-interest confirmed that "No covenant, representation or condition not expressed in this Agreement shall affect or be deemed to interpret, change or restrict the express provisions hereof."

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

38.     Defendant denies the truth of the allegations contained in paragraph 38 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.  Defendant further states that Plaintiff, Najjar Group LLC, did not exist at the time when the BDC Operating Agreement was executed.

39.     Defendant denies the truth of the allegations contained in paragraph 39 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.  Defendant further states that Plaintiff, Najjar Group LLC, did not exist at the time when the parties entered into the BDC Operating Agreement.

40.     Defendant denies the truth of the allegations contained in paragraph 40 of the SAC, and respectfully refers the Court to Section 2.6 of the BDC Operating Agreement for a full and complete statement of the purposes for which non-party BDC was formed.  Defendant further states that Plaintiff, Najjar Group LLC, did not exist at the time when the parties entered into the BDC Operating Agreement.

41.     Defendant denies the truth of the allegations contained in paragraph 41 of the SAC, and respectfully refers the Court to Section 2.6 of the BDC Operating Agreement for a full and complete statement of the purposes for which non-party BDC was formed.  Defendant further states that Plaintiff, Najjar Group LLC, did not exist at the time when the parties entered into the BDC Operating Agreement.

42.     Defendant denies the truth of the allegations contained in paragraph 42 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.  Defendant further states that Plaintiff, Najjar Group LLC, did not exist at the time when the BDC Operating Agreement was executed.

43.     Defendant denies the truth of the allegations contained in paragraph 43 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.  Defendant further states that Plaintiff, Najjar Group LLC, did not exist at the time when the BDC Operating Agreement was executed.

44.     Defendant denies the truth of the allegations contained in paragraph 44 of the SAC, and those allegations contained in the footnote.  Defendant further states that Plaintiff, Najjar Group LLC, did not exist at the time when the BDC Operating Agreement was executed.

45.     Defendant denies the truth of the allegations contained in paragraph 45 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.  Defendant further states that Plaintiff, Najjar Group LLC, did not exist at the time when the BDC Operating Agreement was executed.

46.     Defendant neither admits nor denies the allegations contained in paragraph 46 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

47.     Defendant denies the truth of the allegations contained in paragraph 47 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

48.     Defendant denies the truth of the allegations contained in paragraph 48 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

49.     Defendant denies the truth of the allegations contained in paragraph 49 of the SAC.

50.     Defendant denies the truth of the allegations contained in paragraph 50 of the SAC.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

52.     Defendant denies the truth of the allegations contained in paragraph 52 of the SAC, except that Defendant admits that from time to time, BDC earns profits.

53.     Defendant denies the truth of the allegations contained in paragraph 53 of the SAC.

54.     Defendant denies the truth of the allegations contained in paragraph 54 of the SAC.

55.     Defendant denies the truth of the allegations contained in paragraph 55 of the SAC.  Defendant further states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of fiduciary duty.

56.     Defendant denies the truth of the allegations contained in paragraph 56 of the SAC.

57.     Defendant denies the truth of the allegations contained in paragraph 57 of the SAC, except admits that the net cash flow from operations has never proven sufficient to pay to Defendant sufficient moneys to cover the compounded interest that has accrued on those moneys contributed to pay for "Start Up Expenses" as defined in the BDC Operating Agreement, and

otherwise respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

58.     Defendant denies the truth of the allegations contained in paragraph 58 of the SAC, except admits that no moneys have been distributed to any members of non-party BDC solely by reason of their membership interests.

59.     Defendant denies the truth of the allegations contained in paragraph 59 of the SAC.

60.     Defendant denies the truth of the allegations contained in paragraph 60 of the SAC.

61.     Defendant denies the truth of the allegations contained in paragraph 61 of the SAC.

62.     Defendant denies the truth of the allegations contained in paragraph 62 of the SAC.

63.     Defendant denies the truth of the allegations contained in paragraph 63 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a full and complete statement of the relevant terms and conditions thereof.

64.     Defendant denies the truth of the allegations contained in paragraph 64 of the SAC.

65.     Defendant denies the truth of the allegations contained in paragraph 65 of the SAC.

66.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the SAC.

67.     Defendant denies the truth of the allegations contained in paragraph 67 of the SAC.

68.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the SAC.

69.     Defendant denies the truth of the allegations contained in paragraph 69 of the SAC.

70.     Defendant denies the truth of the allegations contained in paragraph 70 of the SAC.

71.     Defendant denies the truth of the allegations contained in paragraph 71 of the SAC.  Defendant further states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of fiduciary duty.

72.     Defendant denies the truth of the allegations contained in paragraph 72 of the SAC.

73.     Assuming, without admitting, that the allegations in paragraph 73 set forth a coherent allegation, Defendant denies the truth of the allegations contained in paragraph 73 of the SAC.

74.     Defendant denies the truth of the allegations contained in paragraph 74 of the SAC.

75.     Defendant denies the truth of the allegations contained in paragraph 75 of the SAC.

76.     Defendant denies the truth of the allegations contained in paragraph 76 of the SAC.  Defendant further states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of fiduciary duty.

77.     Defendant denies the truth of the allegations contained in paragraph 77 of the SAC, except admits that Plaintiff (or its predecessor-in-interest, non-party Najjar Group LTD) received all moneys to which either was entitled to be paid in accordance with the terms of the BDC Operating Agreement.

78.     Defendant neither admits nor denies the allegations contained in paragraph 78 of the SAC as such allegations state legal conclusions as to which no response is required.

## AS TO FIRST CAUSE OF ACTION:
## BREACH OF OPERATING AGREEMENT/CONTRACT

79.     In response to the allegations contained in paragraph 79 of the SAC, Defendant repeats and realleges each and every response made in the foregoing paragraphs 1 through 78 of this Answer as if fully set forth at length herein.

80.     Defendant denies the truth of the allegations contained in paragraph 80 of the SAC and respectfully refers the Court to the BDC Operating Agreement for a determination of its terms and conditions.

81.     Defendant denies the truth of the allegations contained in paragraph 81 of the SAC.

82.     Defendant denies the truth of the allegations contained in paragraph 82 of the SAC.

83.     Defendant denies the truth of the allegations contained in paragraph 83 of the SAC.

84.     Defendant denies the truth of the allegations contained in paragraph 84 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a determination of its terms and conditions.

85.     Defendant denies the truth of the allegations contained in paragraph 85 of the SAC, and respectfully refers the Court to the BDC Operating Agreement for a determination of its terms and conditions.

86.     Defendant denies the truth of the allegations contained in paragraph 86 of the SAC and respectfully refers the Court to the BDC Operating Agreement for a determination of its terms and conditions.

87.     Defendant denies the truth of the allegations contained in paragraph 87 of the SAC and respectfully refers the Court to the BDC Operating Agreement for a determination of its terms and conditions.

88.     Defendant denies the truth of the allegations contained in paragraph 88 of the SAC and respectfully refers the Court to the BDC Operating Agreement for a determination of its terms and conditions.

89.     Defendant denies the truth of the allegations contained in paragraph 89 of the SAC and respectfully refers the Court to the BDC Operating Agreement for a determination of its terms and conditions.

90.     Defendant denies the truth of the allegations contained in paragraph 90 of the SAC and respectfully refers the Court to the BDC Operating Agreement for a determination of its terms and conditions.

91.     Defendant denies the truth of the allegations contained in paragraph 91 of the SAC.

92.     Defendant denies the truth of the allegations contained in paragraph 92 of the SAC.

93.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the SAC.

94.     Defendant denies the truth of the allegations contained in paragraph 94 of the SAC.  Defendant further states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of fiduciary duty.

95.     Defendants deny the truth of the allegations contained in paragraph 99 of the SAC.

96.     Defendant neither admits nor denies the allegations contained in paragraph 96 of the SAC as such allegations state legal conclusions as to which no response is required.  To the extent the allegations are deemed factual, Defendant denies the truth of the allegations contained in paragraph 96 of the SAC, and states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of fiduciary duty.

97.     Defendant neither admits nor denies the allegations contained in paragraph 97 of the SAC as such allegations state legal conclusions as to which no response is required.

98.     Defendant neither admits nor denies the allegations contained in paragraph 98 of the SAC as such allegations state legal conclusions as to which no response is required.

99.     Defendant neither admits nor denies the allegations contained in paragraph 99 of the SAC as such allegations state legal conclusions as to which no response is required. Defendant further states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of the implied covenant of good faith and fair dealing.

100.    Defendant denies the truth of the allegations contained in paragraph 100 of the SAC.

101.   Defendant denies the truth of the allegations contained in paragraph 101 of the SAC.

102.   Defendant denies the truth of the allegations contained in paragraph 102 of the SAC.

103.   Assuming, without admitting, that the allegations in paragraph 103 set forth a coherent allegation, Defendant denies the truth of the allegations contained in paragraph 103 of the SAC.

104.   Defendant denies the truth of the allegations contained in paragraph 104 of the SAC.

105.   Defendant denies the truth of the allegations contained in paragraph 105 of the SAC.

106.   Defendant denies the truth of the allegations contained in paragraph 106 of the SAC.  Defendant further states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of fiduciary duty.

107.   Defendant denies the truth of the allegations contained in paragraph 107 of the SAC.

108.   Defendant denies the truth of the allegations contained in paragraph 108 of the SAC.

109.   Defendant denies the truth of the allegations contained in paragraph 109 of the SAC.  Defendant further states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of fiduciary duty.

110.    Defendant denies the truth of the allegations contained in paragraph 110 of the SAC. Defendant further states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of fiduciary duty.

111.    Defendant denies the truth of the allegations contained in paragraph 111 of the SAC. Defendant further states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of fiduciary duty.

112.    Defendant denies the truth of the allegations contained in paragraph 112 of the SAC. Defendant further states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of fiduciary duty.

113.    Defendant denies the truth of the allegations contained in paragraph 113 of the SAC. Defendant further states that Plaintiff withdrew its claims previously asserted against Defendant sounding in breach of fiduciary duty.

114.    Defendant denies the truth of the allegations contained in paragraph 114 of the SAC.

115.    Defendant denies the truth of the allegations contained in paragraph 115 of the SAC.

## FIRST AFFIRMATIVE DEFENSE

1.    The SAC fails, in whole or in part, to state a claim upon which relief may be granted, or for which the damages sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff (or its predecessor-in-interest) has been paid all moneys owed to it.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred by relevant statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

### SIXTH AFFIRMATIVE DEFENSE

6.      The allegations of the SAC are false, frivolous, and groundless, and Defendant reserves the right to seek sanctions, attorneys' fees, and costs, pursuant to Fed. R. Civ. Proc. 11, and any other applicable statute.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff has not asserted any factual or legal basis for seeking equitable relief in the form of rescission of the BDC Operating Agreement, as pled in the "Wherefore" clause of the SAC at subparagraph (d).

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff has not asserted any factual or legal basis for seeking equitable relief in the form of "dissolution of the relevant corporate entities" as pled in the "Wherefore" clause of the SAC at subparagraph (d).

### RESERVATION OF RIGHTS

9.      Defendant gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend this Answer to assert additional defenses.

**WHEREFORE**, defendant West 56th Hotel, LLC, respectfully requests that this Court:

(a)      dismiss the SAC in its entirety, with prejudice;

(b)      deny each and every request for relief set forth in the SAC;

(c)      award to Defendant its reasonable attorneys' fees and legal expenses; and

(d)      award to Defendant any and all such further relief as this Court deems just and

proper.

Dated: New York, New York
       December 1, 2014

                                        **LEVY SONET & SIEGEL, LLP**


                                        By:_____
                                              Steven G. Sonet (SS-9534)
                                              Alex K. Ross (AR-7639)
                                        630 Third Avenue
                                        New York, NY 10017
                                        (212) 661-1212
                                        ssonet@LSSLLP.com
                                        aross@LSSLLP.com

                                        *Attorneys for Defendant*
                                        *West 56th Hotel, LLC*